UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**

v.                                    21-cr-594(TSC)

**JOSHUA HAYNES**

**MOTION FOR CHANGE OF LOCATION OF DEFENDANT'S PLACE OF PRE-TRIAL CONFINEMENT**

Defendant, by and through undersigned counsel, does hereby seek a change in the location of his place of pre-trial confinement. In support thereof, defendant respectfully sets forth as follows:

1. Defendant has been charged in an eight (8) count indictment for the following offenses in relation to the events of January 6, 2021: Obstruction of an Official Proceeding, 18 U.S.C.§ 1512 (c)(2); Destruction of Property Within Territorial Jurisdiction, 18 U.S.C. § 1363; Entering and Remaining in a Restricted Grounds, 18 U.S.C. § 1742 (a)(1); Disorderly and Disruptive Conduct in Restricted Grounds, 18 U.S.C. § 1752 (a)(2); Engaging physical Violence in Restricted Grounds, 18 U.S.C. § 1752 (a)(4); Disorderly Conduct in a Capitol Building, 40 U.S.C. § 5104 (e)(2)(D); Act of

1

Physical Violence, 40 U.S.C. § 5104 (e)(2)(F); and Parading, Demonstrating or Picketing in a Capitol Building, 40 U.S.C. § 5104 (e)(2)(G)

2. Defendant has previously requested release pending trial. His request for release has been denied primarily because of a domestic assault charged he entered a plea of nolo contendre to in Alleghany County, Virginia. Defendant was detained for approximately nine (9) months while the domestic charge was resolved. That sentence has been completed.

3. Defendant is currently being held in the Central Virginia Regional Jail in Orange, Virginia. The facility is approximately 80 miles outside of Washington, D.C. Defendant understands his motion for release pending trial has been denied. In this motion, he is not seeking release; rather he is seeking a change in the location of his pre-trial detention.

4. Upon defendant's arrival at the Central Regional Jail, he was placed on a quarantine block for a number of weeks.  Undersigned counsel has made two visits to defendant at the Central Virginia Jail in May 2022 and each time defendant was in quarantine. Counsel has not been able to have a face-to-face meeting with defendant. On both occasions, counsel

and defendant had to confer though a glass window using a hand-held telephone to communicate.

5. Upon information and belief, defendant has now been moved to a maximum-security wing of the Central Virginia Regional Jail. The reason for placement in the maximum security is his domestic violence conviction and his status as a January 6, 2021 defendant. He was told by a mental health official that he was flagged as suicidal. This categorization does not allow for non-legal visits, does not allow for being provided with the tools to shave or cut his nails, provides for limited recreational time and requires limitations on commissary.

6. Defendant is facing serious charges in the District of Columbia and he must have regular access to his counsel to review lengthy videotapes and significant legal pleadings. The distance to the Central Virginia Jail from the District of Columbia is not the problem. Rather, it is the inability to meet with defendant face to face with a lap-top computer to discuss discovery and legal pleadings that is the problem.

7. The other very significant problem is that defendant is housed in a maximum-security location of the Central Virginia Regional Jail for no reason and his activities and non-legal visitations are restricted. In addition,

his ability to maintain his personal hygiene is severely restricted.

8. There are a number of January 6 defendants being held at CTF pending trial. CTF appears to be equipped to manage the January 6 defendants and it is a much more acceptable environment for defendant to meet with undersigned counsel to review the massive amounts of discovery that has been generated in this matter. In addition, undersigned counsel is not aware of any reason why the officials at CTF would limit defendant's access to items needed for personal hygiene or to limit his visitation or recreational activities.

9. Defendant is facing very serious criminal charges and his added stress due to the conditions of confinement are entirely unnecessary and counterproductive.

10. Defendant relies upon the supervisory and discretionary powers of this Honorable Court in seeking the relief requested herein.

WHEREFORE, the foregoing considered, defendant prays this Honorable Court for an Order transferring the location of his pretrial detention from the Central Virginia Regional Jail in Orange, Virginia to the Central Treatment Facility in the District of Columbia.

Respectfully submitted,

_____/s/_____
Steven R. Kiersh#323329
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015
(202) 347-0200

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing was served, via ECF, upon all counsel of record, AUSA Jennifer Blackwell Esquire on this the ___1st_____day of June, 2022.

_____/s/_____
Steven R. Kiersh