**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**

    **v.**                                           **21-cr-594(TSC)**

**JOSHUA HAYNES**

**MOTION IN LIMINE TO EXCLUDE ANY REFERENCE**
**TO THE PROUD BOYS**

Defendant, by and through undersigned counsel, does hereby seek

an Order from this Court precluding the United States from arguing or

introducing any evidence at trial suggesting an association between

defendant and the so-called "Proud Boys." In support thereof, defendant

respectfully sets forth as follows:

1. Defendant has been charged in an eight (8) count indictment for

the following offenses in relation to the events of January 6, 2021:

Obstruction of an Official Proceeding, 18 U.S.C.§ 1512 (c)(2); Destruction

of Property Within Territorial Jurisdiction, 18 U.S.C. § 1363; Entering and

Remaining in a Restricted Grounds, 18 U.S.C.  § 1742 (a)(1); Disorderly

and Disruptive Conduct in Restricted Grounds, 18 U.S.C. § 1752 (a)(2);

Engaging physical Violence in Restricted Grounds, 18 U.S.C. § 1752 (a)(4);

Disorderly Conduct in a Capitol Building, 40 U.S.C. § 5104 (e)(2)(D); Act of

Physical Violence, 40 U.S.C. § 5104 (e)(2)(F); and Parading,

Demonstrating or Picketing in a Capitol Building, 40 U.S.C. § 5104

(e)(2)(G)

2. Trial of this matter is set for November 14, 2022.

3. Discovery in this matter has been on-going.  Defendant has made

a discovery request to the United States to identify any evidence of

uncharged misconduct. In a letter dated June 22, 2002, in response to

defendant's request, the United States stated as follows: "The government

may introduce evidence regarding defendant's association with the Proud

Boys."

4. At the outset defendant notes that he has never been a member of

the Proud Boys and there is no evidence to support an argument that he

has ever been a member of the Proud Boys.

5. On June 9, 2022, the United States House of Representatives

Select Committee on the events of January 6, 2021 held public hearings

that included graphic testimony from numerous witnesses. Since June 9,

2022 there have been three additional public hearings and further hearings

are scheduled. It is estimated that twenty (20) million people watched the hearings. An even greater number of people probably watched news clips of the hearings.

6. The "Proud Boys" and its members were prominently and repeatedly mentioned during the hearings and subsequent news analysis. The organization is depicted and discussed in violent and derogatory terms. The characterizations and accusations against the "Proud Boys" have been one-sided, not subject to cross-examination and highly prejudicial to any person suggested to be affiliated with the organization.

7. The jury panel in this trial will be comprised entirely of residents of the District of Columbia. All potential jurors will almost certainly be affected by testimony about a violent extremist organization that is alleged to have committed crimes in the District of Columbia where the jurors reside. The highly prejudicial information about the "Proud Boys" was seen and heard by a vast number of citizens and will serve absolutely no purpose other than to prejudice Joshua Haynes and his right to a fair trial.

8. Federal Rule of Evidence 403 states as follows: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the

issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Where, "evidence is relevant…it nevertheless is inadmissible under Rule 403 if the potential for prejudice from introducing the evidence outweighs its probative value." *United States* v. *Straker*, 800 F.3d 570, 591 (D.C. Cir. 2015), citing *United States* v. *Douglas*, 482 F.3d 591, 600 (D.C. Cir. 2007).

9. Pursuant to Federal Rule of Evidence 403, the term "unfair prejudice within the [Rule 403] context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Ring*, 706 F.3d 460, 472 (D.C. Cir. 2013) (quoting Fed. R. Evid. 403 advisory committee's notes).

10, Defendant submits that there is no relevancy to the purported association with the Proud Boys and on that ground alone the purported association should be excluded. See Federal Rule of Evidence Rule 401 and 402. However, even if there is determined to be some relevancy to the association, which defendant is by no means conceding, any probative value of association with this menacing group in the context of the events of January 6, 2021 is substantially outweighed by the prejudicial effect of the evidence.

WHEREFORE, the foregoing considered, defendant prays this Honorable Court grant this Motion in Limine to exclude any evidence or argument alleging an association between defendant and the "Proud Boys."

Respectfully submitted,

_____/s/_____
Steven R. Kiersh#323329
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015
(202) 347-0200

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing was served, via ECF, upon all counsel of record, AUSA Jennifer Blackwell Esquire on this the ____23rd_____day of June, 2022.

_____/s/_____
Steven R. Kiersh

5

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**

     **v.**                                 **21-cr-594(TSC)**

**JOSHUA HAYNES**

**ORDER**

Upon consideration of defendant's Motion in Limine to Exclude any Reference to the Proud Boys, and to preclude any testimony or argument of an association between defendant and the Proud Boys, and any opposition thereto, the probative value of any argument or evidence supporting an association between defendant and the Proud Boys being substantially outweighed by the unfair dangerous prejudice of any such testimony or argument, it is by this Court on this the _____day of _____, 2022:

ORDERED, that the Motion in Limine is granted; and,

IT IS FURTHER ORDERED, that the United States is prohibited from introducing any evidence or arguing an association between defendant and

the Proud Boys.


_____
Honorable Tanya S. Chutkan