UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-cr-594 (TSC) |
| | : | |
| JOSHUA HAYNES, | : | |
| | : | |
| Defendant | : | |

## OPPOSITION OF THE UNITED STATES TO
## DEFENDANT JOSHUA HAYNES'S MOTION IN LIMINE

Defendant Joshua Haynes has filed a motion in limine (ECF No. 25) under Federal Rules of Evidence 401 and 403 to preclude the United States from arguing or introducing any evidence at trial concerning Haynes's association with the "Proud Boys".

The court should deny the defendant's motion in part and reserve further ruling until trial.

### Background

Haynes is charged by superseding indictment (ECF No. 21) with Obstruction of an Official Proceeding and Aiding and Abetting in violation of 18 U.S.C. §§ 1512(c)(2) & 2, Destruction of Property within Territorial Jurisdiction in violation of 18 U.S.C. § 1363, Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(l)); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2)); Engaging in Physical Violence in Restricted Grounds in violation of 18 U.S.C. § 1752(a)(4); Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D)); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5l04(e)(2)(G)).

1

These charges stem from the events that occurred at the U.S. Capitol on January 6, 2021. At approximately 4:50 p.m., on that date, Haynes was part of a large crowd made its way to and/or past a media staging area that was set up outside the northeast corner of the U.S. Capitol, on U.S. Capitol grounds. Media members were forced to flee the area before recovering all their cameras and associated equipment.  Numerous members of the crowd, including Haynes, began to destroy the equipment, including cameras, tripods, lights, shades, and remote broadcasting equipment that belonged to various media outlets, while yelling inflammatory rhetoric against the members of the media.  One member of the media who was forced to flee the scene estimated that the equipment from his particular news organization that was destroyed was valued at between $30,000 and $34,000.  Prior to these events, Haynes illegally trespassed and demonstrated inside the U.S. Capitol building.

The Proud Boys describe themselves as a "pro-Western fraternal organization for men who refuse to apologize for creating the modern world; aka Western Chauvinists" and have been involved in violent activities at political rallies. On June 14, 2021, law enforcement officers interviewed Haynes at his residence located in Covington, Virginia. He was asked if he was a member of the Proud Boys and replied that he was not. Haynes stated that he attended a Proud Boys meeting in Fredericksburg, Virginia in November or December 2020 and had dinner with members from that chapter. Haynes told law enforcement that would have joined the chapter, but it was too far away and there were no members of the Proud Boys in his local area. Haynes said he was in Washington D.C. for both Trump rallies in November and December 2020 and remained near groups of Proud Boys for protection in numbers and safety since there were people attacked by members of Antifa and Black Lives Matter.

**Discussion**

**A Ruling on the Moton in Limine is Premature because Evidence of the Haynes's Association with the Proud Boys May Become Relevant at Trial.**

Citing Federal Rules 401 and 403, Haynes now seeks to preclude the United States from arguing or introducing any evidence at trial concerning Haynes's association with the Proud Boys. He asserts that the recent characterizations and accusations against the Proud Boys would make use of evidence "highly prejudicial to any person suggested to be affiliated with the organization." ECF No. 25 at 3.

Federal Rule of Evidence 401 provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Under Federal Rule of Evidence 403, relevant evidence may be excluded when "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The United States responds it does not concede that the probative value of such evidence would be "substantially outweighed by a danger of … unfair prejudice" to Haynes, as required by Rule 403. Indeed, it would be impossible for the Court to make that determination without the specific context in which the issue arose. Therefore, ruling should be reserved until trial.

Furthermore, the United States does not intend to introduce evidence of Haynes's association with the Proud Boys in its case-in-chief.  However, evidence of the Haynes's association and support of the Proud Boys may become relevant at trial, if the defense opens the door. *See United States v. Payne-Owens*, No. 4:15-CR-00049, 2015 WL 13427699, at *2 (S. D. Iowa June 29, 2015) (admitting evidence of gang affiliation to show context of defendant's

statements); *United States v. Kadir*, 718 F.3d 115, 122 (2d Cir. 2013) (admitting photos of defendant posing with machine guns to rebut defense portrayal of defendant as a peaceful and religious teacher); *United States v. Khalil*, 214 F.3d 111, 122 (2d Cir. 2000) (admitting photos of defendant wearing garb associated with violent militias to rebut defense portrayal of defendant as not posing a threat). Further, "the D.C. Circuit has emphasized that such evidence is particularly important when…a defendant intends to argue that he lacked the requisite *mens rea* to commit the charged offense." *United States v. Mosquera-Murillo*, 153 F. Supp. 3d 130, 181 (D.D.C. 2015).

Therefore, the evidence of Haynes's association with the Proud Boys may be relevant at trial to show Haynes's intent or to rebut any suggestion that he is unaware of or does not support the Proud Boys.

## Conclusion

The government respectfully requests that this Court deny, or, in the alternative, reserve ruling on, the Defendant's Motion in Limine (ECF No. 25).

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar Number 481052

By:   */s/ Andrew J. Tessman*
ANDREW J. TESSMAN
Assistant United States Attorney
Federal Major Crimes – Detailee
West Virginia Bar No. 13734
300 Virginia Street
Charleston, WV 25301
(304) 345-2200
Andrew.Tessman@usdoj.gov