**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**

**v.**                                          **Criminal Case No.: 21-594 (TSC)**

**JOSHUA HAYNES**

**MOTION FOR REDUCTION OF SENTENCE**
**(United States v. Brock)**

Defendant, Joshua Haynes, by and through undersigned counsel, does hereby seek a reduction of his previously imposed sentence. In support thereof, defendant respectfully sets forth as follows:

1.This matter arises from the events of January 6, 2021 at the United States Capitol. Sentence was imposed on February 8, 2023 with a concurrent period of incarceration of thirty two months required. Defendant currently is eligible for release on  August 2, 2024

2. Defendant was convicted of a violation of 18 U.S.C. Section 1512 (c). In the final presentence report submitted to the Court (ECF 37, page 11), defendant was assessed a 3 point increase for interference with the administration of justice. This resulted in an initial adjusted offense level of 19. Defendant's level was increased by one additional point pursuant to

USSG Section 3D1.4 and decreased by 3 points for acceptance of responsibility. Accordingly, defendant's total offense level was ultimately concluded to be 17. With a total guideline offense level of 17, and a criminal history category II, defendant's estimated guideline range was deemed to be 27-33 months imprisonment. (ECF37, page 30).

3. On March 1, 2024, The United States Court of Appeals for the District of Columbia Circuit in *United States v. Brock*, No. 23-3045, considered the trial court's application of a three-level sentencing enhancement to a 1512(c)(2) conviction on grounds that the conduct resulted in the "substantial interference with the administration of justice."

The *Brock* Court held the enhancement did not apply.

> Because Section 2J1.2's text, commentary and context establish that the "administration of justice" does not extend to Congress's counting and certification of Electoral votes, the district court erred in applying Section 2J1.2(b)(2)'s three level enhancement to Brock's Section 1512 (c)(2) conviction.

ECF Document #20430212, 326.

4. Herein, defendant's sentence was imposed prior to the  D.C. Circuit's decision in *Brock.* However, because of the ruling in *Brock*, defendant's sentencing guideline should be reduced by 3 points to 18-24 months of incarceration.

5. Individuals convicted of violation of 18 U.S.C. Section 1512 (c) and sentenced after March 1, 2024 will not receive the three level increase as a consequence of the holding of *Brock*. Accordingly, simply by virtue of defendant having been sentenced prior to *Brock*, his sentence is unduly severe compared to those sentenced post *Brock*. In addition, while the sentencing guidelines have not been amended by the Sentencing Commission to address *Brock*, defendant urges the Court to consider the *Brock* decision in the same manner as if the guidelines had been lowered. "18 U.S.C. Section 3582(c)(2) authorizes a district court to reduce a defendant's sentence if the defendant had been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Hughes v. United States*, 584 U.S., 675, 685-86 (2018).

6. Defendant repeats and incorporates by reference all of the 18 U.S.C. Section 3553 arguments advanced on his behalf at the prior sentencing hearing.

WHEREFORE, the foregoing considered, defendant prays this Honorable Court reduce his sentence to Offense Level 14, Category II,18-24 months of incarceration.

Respectfully submitted,


_____/s/_____
Steven R. Kiersh#323329
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015
(202) 347-0200


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing was served upon all counsel of record on this the 20th day of March 2024 via the Court's electronic filing system.


_____/s/_____
Steven R. Kiersh