UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | Case No. 21-CR-594 (TSC) |
| **JOSHUA DILLON HAYNES** | |
| Defendant. | |

### GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the defendant's motion for resentencing following the D.C. Circuit decision in *United States v. Brock*, No. 23-3045, 2024 WL 875795 (D.C. Cir. Mar. 1, 2024). Because an appeal is pending in the D.C. Circuit with regard to the defendant's sentence, this Court lacks jurisdiction to consider resentencing.

I. INTRODUCTION

On January 6, 2021, the defendant took part in the attack on the U.S. Capitol by breaching the Capitol itself in an effort to prevent Congress from certifying the 2020 presidential election, and by smashing some of the media's abandoned equipment within the media area on the East Grounds of the Capitol. Some of that equipment belonged to ZDF, a German news organization that had been covering the certification and, subsequently, the attack on the Capitol.

After the defendant pleaded guilty to 18 U.S.C. § 1512(c)(2) and destruction of property within the United States' special territorial jurisdiction pursuant to 18 U.S.C. § 1363, he was sentenced to 32 months' imprisonment, 3 years of supervised release, and to pay restitution to ZDF's insurer, which had already compensated ZDF for its losses. Haynes appealed his sentence,

1

arguing that the restitution order was improper. This issue has been fully briefed, and is now waiting for a determination by the D.C. Circuit. Because this matter is still pending, the defendant may not request a resentencing until that matter has been resolved by the D.C. Circuit.

## II.  PROCEDURAL BACKGROUND

Haynes pleaded guilty to Count One, obstruction of an official proceeding, and Count Two, destruction of property within federal territorial jurisdiction, in October 2022. This Court sentenced the defendant to 32 months of imprisonment, 36 months of supervised release, a special assessment of $200, and, initially, $2,000 in restitution to the Architect of the Capitol. After a subsequent hearing on restitution, this Court ordered the defendant to pay an additional approximately 30,000 euros in restitution to a German company that had insured certain equipment Haynes destroyed. Haynes timely appealed the sentence, and it has been fully briefed to the D.C. Circuit. *United States v. Haynes*, 23-3065 (D.C. Cir. 2024, decision pending).

## III.  FACTUAL BACKGROUND

### A.  Haynes's Role in the January 6, 2021 Attack on the Capitol

The government refers the Court to its sentencing memorandum for a full recitation of the defendant's conduct. Haynes entered the Capitol through the Senate Wing Doors at approximately 2:50 p.m. on January 6, 2021. Haynes left the Capitol through the Senate Wing Doors at approximately 3:20 p.m, after spending approximately 30 minutes inside the Capitol. Haynes sent multiple text messages while he was inside the Capitol highlighting his entrance and the interruption of proceedings.

After leaving the Capitol building, Haynes assisted in damaging property on the Capitol grounds. Specifically, Haynes assisted two other individuals in forcibly removing an air-conditioning unit from a building outside the United States Capitol and dropping the air-conditioning unit to the ground.

Before leaving the Capitol grounds, Haynes participated in the assault on the media staging area at the northeast side of the U.S. Capitol at approximately 5 p.m. on January 6, 2021. Specifically, Haynes picked up and slammed down multiple pieces of equipment that belonged to media outlets. Haynes lifted and threw to the ground a light used by the media for live broadcasts. He also lifted and slammed to the ground what appeared to be a video camera fixed to a tripod. After slamming the tripod on the ground, Haynes then stomped on the camera and picked it up and threw it onto a pile of other equipment.

### IV.   THE SENTENCING GUIDELINES AND GUIDELINES ANALYSIS

#### A. Guideline Analysis

The Probation Office calculated the combined offense level of the two counts of conviction as 16, as set forth below.

Count One: 18 U.S.C. § 1512(c)(2)

| | | |
|---|---|---|
| U.S.S.G. § 2J1.2(a) | Base Offense Level | 14 |
| U.S.S.G. § 2J1.2(b)(2) | Resulted in Substantial Interference | +3 |
| U.S.S.G. § 3C1.1 | Obstructing the Admin. Of Justice | +2 |
| | **Total** | **19** |

Count Two: 18 U.S.C. § 1363

| | | |
|---|---|---|
| U.S.S.G. § 2B1.1(a)(1) | Base Offense Level | 6 |
| U.S.S.G. § 2B1.1(b)(1)(D) | Loss amount: $15,000+ | 4 |
| | **Total** | **10** |

3

**Grouping:**

    U.S.S.G. 3D1.2(d) (offenses do not group)
    U.S.S.G. 3D1.4 (1.0 units)      1

**Combined Offense Level**      **19**
Acceptance of responsibility (U.S.S.G. §3E1.1)      -3
**Total Adjusted Offense Level:**      **16**

*See* PSR ¶¶ 36-59.

U.S. Probation Office calculated the defendant's criminal history as category III. The defendant's Guidelines imprisonment range is 27 to 33 months' imprisonment. PSR ¶ 130.

### B. The *Brock* Decision

On March 1, 2024, the D.C. Circuit issued its decision in *Brock*. *United States v. Brock*, No. 23-3045, 2024 WL 875795 (D.C. Cir. Mar. 1, 2024). The Court held that § 2J1.2(b)(2)'s three-point enhancement for "substantial interference with the administration of justice" does not apply to interference with the Congress's certification of electoral college votes. *See id*. at *8.[1] The defendant now requests resentencing without the +3 attributed to his conviction under 18 U.S.C. § 1512(c)(2).

### V. ARGUMENT

#### A. The Court Lacks Jurisdiction to Resentence the Defendant

The Supreme Court has held that "[t]he filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident*

---

[1] At this stage, the government is reviewing its appellate options in response to *Brock*.

*Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see, e.g., United States v. Hallford*, 816 F.3d 850, 855 n.4 (D.C. Cir. 2016) (quoting same). "The district court does not regain jurisdiction over those issues until the court of appeals issues its mandate." *United States v. DeFries*, 129 F.3d 1293, 1302 (D.C. Cir. 1997).

In a criminal case, if a defendant files a notice of appeal, the district court lacks jurisdiction to resentence the defendant until the appeal is resolved. *See United States v. Anderson*, 545 F.3d 1072, 1080 n.8 (D.C. Cir. 2008); *see also* Fed. R. App. P. 4(b)(5) (court can correct sentence under Fed. R. Crim. P. 35(a) notwithstanding filing of notice of appeal but only within 14 days after sentencing).

The one exception to this rule is if the defendant filed a motion to correct his sentence under Federal Rule of Criminal Procedure 35(a) within 14 days of sentencing. Rule 35(a) allows the court to correct a sentence that resulted from "other clear error" "[w]ithin 14 days after sentencing." Federal Rule of Appellate Procedure 4(b)(5) expressly provides that "[t]he filing of a notice of appeal under this Rule 4(b) does not divest a district court of jurisdiction to correct a sentence under Federal Rule of Criminal Procedure 35(a)[.]"

Because the D.C. Circuit has not ruled on the defendant's appeal, this Court lacks jurisdiction to consider a resentencing.

**B. Government Requests Further Briefing**

In addition to lacking jurisdiction for the resentencing, there are other, procedural bars to the defendant's motion. Even setting those procedural bars aside, the government would argue that the defendant's conduct merits a 32-month sentence of imprisonment, notwithstanding the non-

5

application of the +3 specific offense characteristic.

The government requests this Court to order a briefing schedule following a ruling by the D.C. Circuit on the defendant's sentencing appeal in order that the government may fully brief its arguments as to why the relief sought in defendant's motion is procedurally barred and why resentencing is otherwise unwarranted.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

BY:    *s/Jennifer Leigh Blackwell*
Jennifer Leigh Blackwell
Assistant United States Attorney
D.C. Bar No. 481097